**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4366

BOLIVAR VASQUEZ, a/k/a Louis
Antonio Roman,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 96-4386

CHARLES DEANGELO COMER,
Defendant-Appellant.

Appeals from the United States District Court
for the District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-119)

Submitted: July 22, 1997

Decided: August 25, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles J. Alexander, II, MORROW, ALEXANDER, TASH & LONG, Winston-Salem, North Carolina; Cynthia A. Hatfield, HATFIELD & HATFIELD, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bolivar Vasquez and Charles DeAngelo Comer appeal their convictions for their role in a conspiracy to distribute crack cocaine. See 21 U.S.C.A. §§ 841(a)(1) (West 1981), 846 (West Supp. 1997). They claim on appeal that the district court erred by denying their motion for a new trial on the basis of newly discovered evidence. See Fed. R. Crim. P. 33. In addition, they both contend that the district court erred in determining the amount of crack cocaine used to calculate their sentences.

Our review of the record reveals no abuse of discretion on the part of the district court in denying the motion for a new trial. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). The Appellants' evidence proved only that on the day the Government's chief witness, Wanda Gail Kelley, testified to have flown from Greensboro, North Carolina into LaGuardia Airport in New York to meet Vasquez in furtherance of the conspiracy, someone flew from Greensboro to Philadelphia using a ticket issued to "Wanda Kelly." The Appellants also presented evidence that no one using that same name flew from Philadelphia to LaGuardia on USAir that evening.

2

The existence of the ticket does not prove that Kelley did not fly on to LaGuardia either on another airline, or under an assumed name. Moreover, the ticket does not rule out the possibility that someone other than Kelley flew to Philadelphia. The Appellants' suggestion that this "newly discovered" evidence "negate[s] the feasibility of the government's version of the events" is overstated. On the contrary, the evidence was, as the district court concluded, of an impeaching nature that was not likely to have affected the jury's verdict. <u>See</u> <u>Singh</u>, 54 F.3d at 1190. The district court's ruling on the motion was flawed by neither an erroneous legal nor factual premise. <u>See James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993). Consequently, we find no abuse of discretion in the denial of the motion for a new trial.

Similarly, the district court did not clearly err with regard to sentencing. <u>See United States v. McDonald</u>, 61 F.3d 248, 255 (4th Cir. 1995) (sentencing court's determination of the amount of controlled substance is reviewed for clear error). The district court is afforded broad discretion as to what information to credit in making its calculations. <u>See United States v. Falesbork</u>, 5 F.3d 715, 722 (4th Cir. 1993). Notwithstanding this deference, the Appellants suggest that Kelley, who reported the amount of crack cocaine involved, was "inherently incredible." The credibility of a witness is the sole province of the finder of fact and is not subject to review on appeal. <u>See United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). As there was testimony at trial to support the entire quantity of crack cocaine credited to both Appellants, there is no occasion for this court to find clear error on the part of the district court, without revisiting the credibility of the witnesses.

Finding no merit to the Appellants' arguments, we affirm the convictions and sentences. We deny the motion to supplement the joint appendix and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3